The opinion of the Court was delivered by
Wardlaw, Ch.
Where the parties to an agreement have expressed their purposes and stipulations íd writing, a most salutary-rule of law inhibits the admission of parol testimony to vary or explain the written instrument. As defensive equity, for example, in resisting the specific execution of a contract, Courts of Equity permit extrinsic evidence of the fact, that the real contract of the parties has not been truly reduced to writing, as of any other fact that makes it unconseientious to enforce the contract in its written form. Put it is not clear that a plaintiff is ever allowed to give evidence of mistake in a deed or other writing, for the purpose of reforming the instrument. Such relief is at least to be extended with the utmost caution. The proof of the mistake should be unquestionable, and the parties to the mistake should be also parties to the suit. Mayo vs. Feaster, 2 McC. Ch. 142.
In the case before us, the parties were probably ignorant of the effect of the terms of limitation employed by them, but there is no proof of mistake. No word was inserted in the deed nor omitted from it, not intentionally inserted or omitted. If we were willing to reform the deed, it would be impossible to ascertain from the testimony the terms and particulars in which it should bo reformed. We may infer that there has been miscarriage in an attempt to limit personalty, a matter which frequently baffles the skill of the expert, but we cannot learn from the testimony what were the precise intentions of the parties.
It is fair to conclude, that whatever may have been the original intentions of the parties, they acquiesced in the actual operation of the deed. It was competent for them to cure error by acquiescence. John Ohcsor, the person who has most cause to complain of the misdirection of his-bounty, has made no clamor. It would be surely unsafe to look back through thirty years for the original wishes of the parties, and force all their subsequent acts into conformity to these Ayishos.
It may be gravely doubted whether a deed could over be reformed after the death of the grantor. I apprehend that where *314 a mistake should be corrected, the Court would not undertake to reform the deed by the personal act of a Chancellor or a master, but would, by attachment or other process, compel the grantor to execute an amended deed. But we have no power oyer the deceased.
Granting, however, that the heirs of a deceased grantor might be compelled to reform a deed as to realty, and his personal representatives be compelled to reform a deed as to personalty, in the present case, the representatives of John and Anna Chcsor are no parties to the suit. The defendant in his answer, operating in this particular as a demurrer, objects to the lack of these parties.
The statement in the third ground of appeal, that John Dennis acknowledged himself a trustee for his children, is not suggested in the pleadings, nor supported by proof.
Other considerations might be presented, but in any view we can take of this case, we think the plaintiffs are not entitled to relief.
It is ordered and decreed that the appeal be dismissed, and the decree be affirmed.
JOHNSTON, DüNKIN and Daegast, CC., concurred.

Appeal dismissed.